UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY THOMAS MORIN,<br><br>                Petitioner,<br><br>   v.<br><br>OFFICER BENTLY, *et al.*,<br><br>                Respondents. | Case No. C20-149-RSL-MLP<br><br>REPORT AND RECOMMENDATION |

      Petitioner is currently confined at the Maleng Regional Justice Center ("RJC") in Kent, Washington. He has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2241 together with an application to proceed with this action *in forma pauperis*. (Dkt. ## 4, 4-1.) Petitioner appears to allege in his petition that various officers at the RJC failed to comply with food handling procedures and/or failed to correct deficiencies in the procedures, causing food to become contaminated. (Dkt. # 4-1 at 3-5.) Petitioner appears to further assert that officers failed to feed him, improperly locked him down for eight hours, and interfered with his mail. (*Id.* at 6-7.) Petitioner seeks injunctive relief and damages. (*Id.* at 8.)

      A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), the Supreme Court explained that "the essence

of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Here, Petitioner's assertions do not constitute an attack on the legality of his custody. Instead, Petitioner attacks the conditions of his current confinement. Such claims may be brought in a civil rights action under 42 U.S.C. § 1983, but are not cognizable in an action brought under § 2241.[1]

Accordingly, this Court recommends that Petitioner's application for leave to proceed *in forma pauperis* be denied and that this federal habeas action be dismissed with prejudice. This Court further recommends that Petitioner's recently filed motion for an order of contempt (dkt. # 5) be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 20, 2020**.

DATED this 25th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] The Clerk is directed to send Petitioner copies of the Court's prisoner civil rights forms so that Petitioner will have the necessary materials to file an action under § 1983 should he elect to do so.

REPORT AND RECOMMENDATION
PAGE - 2